## G. L. Miller & Co., Inc., v. Cameron, Secretary of Banking.

*Registration under the Securities Act—Suspension of dealer's license—Appeal to Common Pleas—Act of June 14, 1923.*

1. An appeal lies to the Common Pleas of Dauphin County under section 19 of the Act of June 14, 1923, P. L. 787, from an order of the Banking Department, issued under section 16 of the act, suspending the license of a registered dealer in securities.

2. The Banking Department cannot assert that there should be no judicial interference until the question of the revocation of the license is finally determined.

Motion of defendant to dismiss petition of plaintiff for reversal of an order suspending dealer's license. C. P. Dauphin Co., Commonwealth Docket, 1926, No. 57.

*Myers & McNees*, for plaintiff.

*W. C. Anderson*, Deputy Attorney-General, for defendant.

WICKERSHAM, J., July 2, 1926.—The plaintiff presented its petition for a reversal of the order of the defendant suspending its license to do business in Pennsylvania. The defendant moved that said petition for the reversal of the order suspending dealer's license be dismissed for want of jurisdiction. The said motion of defendant, being in the nature of a demurrer, admits the allegations in the plaintiff's petition which are properly pleaded, from which we find the following relevant

*Facts.*

1. The plaintiff is a corporation duly incorporated under the laws of the State of Delaware, with its principal office in the City of New York, and with offices in the Commonwealth of Pennsylvania.

G. L. Miller & Co., Inc., v. Cameron, Secretary of Banking.

2. The petitioner is engaged in the business of selling bonds, all of which are secured by first mortgages on real estate, improved or in the course of improvement.

3. The petitioner was registered as a dealer in securities Aug. 2, 1923, and received similar certificates of registration for the years 1924, 1925 and 1926.

4. On June 2, 1926, an order was issued by W. J. Fallows, Deputy Secretary of Banking, notifying the plaintiff that its registration as a dealer in securities under the Securities Act of the State of Pennsylvania was suspended from that date.

5. No date for hearing was fixed by the said order of suspension. It was provided in said order as follows: "The date for this hearing will be set when you have employed a firm of public accountants, certified in the State of Pennsylvania, to prepare financial exhibits under instructions from this office, to be presented at this hearing. As soon as you have employed a firm of accountants, you will advise them to report to this office for instructions. This suspension of your dealer's registration carries with it the suspension of the registrations of all your agents. You will at once lift and return to this bureau all of the registration cards issued to your agents for the year 1926, together with dealer's registration certificate No. 351 issued to your company for the year 1926."

6. A hearing was had before one of the deputy secretaries of banking, at which time testimony was taken under oath. A questionnaire was submitted by the Banking Department, which was answered by the plaintiff and filed with the Securities Bureau.

*Discussion.*

The motion of defendant sets forth that the court is without jurisdiction to entertain the appeal of the plaintiff—

1. Because Walter J. Fallows was authorized to sign the order of suspension by the letter of the Governor.

2. That the court is without jurisdictional authority to review the determination by the head of an executive department of the Commonwealth of a question of public policy which is committed to his decision by section 16 of the Securities Act.

3. That the Secretary of Banking is the head of an executive department and is a public officer authorized and empowered to administer and enforce the Securities Act, either in person or by one of his deputies appointed by him with the approval of the Governor.

4. That until the Secretary of Banking or his designated deputy has heard and decided the matter complained of in the petition, the possible revocation of the dealer's license permits no judicial interference with the proceeding; and

5. That the order complained of, made June 2, 1926, is shown on the face of the petition to have been issued in pursuance of section 16 of the Securities Act, because the Banking Department "believes the public interest may be endangered by such dealer continuing in business" until after hearing upon the question of whether or not the petitioner's registration should be revoked.

We think it is not important to the decision of the motion now pending whether W. J. Fallows, Deputy Secretary of Banking, had or had not authority to sign the order suspending the registration of the plaintiff as a dealer in securities. That question can await the final disposition of this case.

For the present we are only concerned with the question whether this court has jurisdiction to entertain the appeal of the defendant. In Wallace v. Cameron, 28 Dauphin Co. Rep. 339, 7 D. & C. 592, we held that "the suspension of a

dealer's license is a decision by the Secretary of Banking from which an appeal lies under section 19 of the Act of June 14, 1923, P. L. 787." After mature deliberation, we are still of the same opinion. In the case from which we have just quoted we held that if the Secretary of Banking believes the public interest may be endangered by such dealer continuing in business pending such hearing, the Secretary may also suspend such dealer's registration pending such hearing. This is clearly set forth in section 16 of the act; but section 16 further provides that in case of suspension or revocation of his registration, "the dealer shall not be regarded as registered under the provisions hereof until restored to registration by the commissioner, either on his own initiative or *upon order of the court,* as in this act hereinafter provided." Section 19 of the act provides that "any dealer . . . aggrieved by the decision of the commissioner may file . . . in the Court of Common Pleas of Dauphin County a petition against the commissioner, officially, as defendant, alleging therein in brief detail the action, the decision complained of, and praying for a reversal thereof."

There can be doubt about the intention of the legislature. The language of the act is perfectly plain and unambiguous. The Secretary of Banking was strictly within his rights in this case by suspending the registration of the plaintiff—assuming, for the present, that W. J. Fallows was authorized to so act—but we think the plaintiff also is strictly within his rights, under the act, in appealing from the order of suspension. Under the circumstances, we think we have jurisdiction to entertain the plaintiff's petition, and the motion of the defendant that the plaintiff's petition be dismissed is overruled. The defendant is directed to answer the plaintiff's petition on its merits within six days of the filing of this opinion.

All other matters raised in the plaintiff's petition for an appeal and the defendant's motion to dismiss will be disposed of upon final hearing.

From Homer L. Kreider, Harrisburg, Pa.